## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

                        Plaintiff,

                                      Crim. No. 05-387 (RHK/RLE)

                                      **ORDER**

v.

JOHN THOMAS TURPIN and GARY
LYNN GOODWIN,

                        Defendants.

---

       This matter is before the Court on (1) Defendant Turpin's Third Renewed Motion for Severance of Defendants for Trial (Doc. No. 146), (2) Defendant Goodwin's Renewed Motion for Severance (Doc. No. 154), and (3) Defendant Turpin's Objections to Report and Recommendation on Pre-Trial Motions (Doc. No. 102).  For the reasons set forth below, the Court will deny Defendants' severance Motions and overrule Turpin's Objections to the Report and Recommendation.

       <u>Severance</u>

       Defendants seek severance on the ground that, if they are tried separately, Turpin will exculpate Goodwin at his (Goodwin's) trial.[1]  The Eighth Circuit has counseled, however, that severance "is not mandated simply because a codefendant might testify and

---

[1] Defendants raise additional arguments concerning severance that were previously argued to, and rejected by, Chief Magistrate Judge Erickson.  The Court agrees with and fully adopts the Magistrate Judge's rulings on Defendants' prior severance Motions.  (<u>See</u> Doc. Nos. 98 and 99.)

thereby only increase the chances of acquittal or tend to rebut some aspect of the

government's case." United States v. Foote, 920 F.2d 1395, 1400 (8th Cir. 1991) (internal

quotation marks and citation omitted); accord United States v. Mickelson, 378 F.3d 810,

818 (8th Cir. 2004) (it is not "enough for a defendant to claim . . . that he need[s] a separate

trial in order to call a co-defendant as a witness").  Rather, severance is proper only upon a

showing that a co-defendant's testimony is "substantially exculpatory." Id.  Stated

differently, a defendant seeking severance must demonstrate "real prejudice" from the

denial of his motion, United States v. Nichols, 416 F.3d 811, 816 (8th Cir. 2005) – that is,

"an appreciable chance that he would not [be] convicted in a separate trial, and not merely

[that] he would have . . . a better chance." United States v. O'Meara, 895 F.2d 1216, 1219

(8th Cir. 1990) (emphases added); accord Nichols, 416 F.3d at 816.

      Whether a defendant would have an appreciable chance of acquittal in a separate trial

"cannot be answered in isolation by considering only the allegedly exculpatory evidence."

Foote, 920 F.2d at 1399.  Rather, the Court must look to the totality of the circumstances:

"[t]he answer comes from examining the underlying acts which support the charges levied

against the defendants, the nature of the evidence which the government has to prove these

charges, and finally the nature of the exculpatory evidence." Id.  These factors militate

against severance here.

      First, the nature of the Government's evidence against Goodwin is strong and

contradicts Turpin's allegedly exculpatory testimony.  Specifically, an eyewitness will

testify that Goodwin waited at the door of the robbery location, A & E Produce, and then

ran into the woods after the shooting therein.  Goodwin was later found hiding in the woods

behind A & E; officers found remnants of rubber gloves along Goodwin's flight path, and

pieces of rubber gloves were on his wrists when he was taken into custody.  Officers also

recovered several rounds of live ammunition in close proximity to Goodwin, and found

matching rounds under the passenger seat of Turpin's vehicle (where Goodwin had been

sitting).  Finally, officers seized a police scanner, a white rope, and two plastic zip-ties

from Turpin's vehicle, all of which were in plain view in the back seat.

Second, the allegedly exculpatory testimony does not "meet and *genuinely call into*

*doubt*" the Government's evidence.  Foote, 920 F.2d at 1399 (emphasis added).  In his

Affidavit in support of his Motion, Turpin merely states that Goodwin "was unaware of the

events that led to the[] charges."  (Doc. No. 174.)  This type of "mere denial" is insufficient

to warrant severance:

> We have serious doubts that a bald assertion by one defendant that he or she will
> testify as to the innocence of another can be said to be sufficiently exculpatory
> to mandate severance.    The preference for trying coconspirators together,
> particularly where the evidence against them is from the same underlying
> circumstances, O'Meara, 895 F.2d at 1218, would be too easily avoided if mere
> claims of innocence of one by another were taken as truly exculpatory, absent
> allegations of alibi or like defenses that *specifically deny or challenge the*
> *particular elements of the crime that the government must prove.*

Id. at 1400 n.3 (emphasis added); accord United States v. Vue, 13 F.3d 1206, 1210 (8th Cir.

1994).[2]  Indeed, the Eighth Circuit has repeatedly affirmed the denial of severance motions

---

[2] Turpin's handwritten Affidavit also states that he would "testify to the facts that were in my
attorney's affidavit and what I told the police when I was interrogated."  (Doc. No. 174.)  The attorney
Affidavit he refers to, however, also contains mere denials of Goodwin's involvement in the robbery.

in such circumstances.  See, e.g., Mickelson, 378 F.3d at 818; Vue, 13 F.3d at 1210; Foote,

920 F.2d at 1400.

      Objections to the Report and Recommendation.

      Turpin has filed Objections to Chief Magistrate Judge Erickson's July 18, 2006

Report and Recommendation (Doc. No. 101); he objects to that portion of the Report and

Recommendation in which the Magistrate Judge recommended that Turpin's Motion to

Suppress Statements, Admissions, and Confessions be denied.  The Court has conducted a

*de novo* review of the objected-to portions of the Report and Recommendation and

concludes that Magistrate Judge Erickson's recommended disposition is fully supported by

the factual record before him and controlling legal principles.

      Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**ORDERED**:

      1.    Defendant Turpin's Third Renewed Motion for Severance of Defendants for

Trial (Doc. No. 146) is **DENIED**;

      2.    Defendant Goodwin's Renewed Motion for Severance (Doc. No. 154) is

**DENIED**; and

---

(See Doc. No. 119 (stating generally that Goodwin "was unaware of and uninvolved in the offenses
alleged" and that Goodwin did not know of Turpin's intention to rob A&E).)  The same is true of the
statements Turpin made to police while being interrogated.  (See Doc. No. 101.)

3.      Defendant Turpin's Objections to Report and Recommendation on Pre-Trial

Motions (Doc. No. 102) are **OVERRULED** and the Report and Recommendation (Doc.

No. 101) is **ADOPTED** in its entirety.


Dated: June  8  , 2007

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge